UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RODNEY M. CONLEY, | ) | Case No.: 1:14 CV 2163 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| J. BABAJIDE, *et al.*, | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

*Pro se* Plaintiff Rodney M. Conley filed this action under 42 U.S.C. § 1983 against Mansfield Correctional Institution ("MANCI") Librarian J. Babajide, MANCI Deputy Warden Mrs. Waynewright, MANCI Assistant Principal Mr. Bacon, and MANCI Principal Mrs. Phillians. In the Complaint, Plaintiff alleges the Defendants did not assist him with obtaining legal research materials, resulting in a missed filing deadline for his appeal. He asserts he was denied access to the courts in violation of the First Amendment. He seeks reinstatement of his appeal to the Sixth Circuit Court of Appeals, and monetary damages.

**Background**

Plaintiff was incarcerated in the Ross Correctional Institution when he filed a Petition for a Writ of Habeas Corpus on December 22, 2011 in the United States District Court for the Southern District of Ohio. *See Conley v. Warden*, No. 2:11 CV 1142 (S.D. Ohio filed Dec. 22, 2011). On April 25, 2013, Magistrate Judge Michael R. Merz issued a Report and Recommendation advising

that the Petition be dismissed on the merits and recommending that Plaintiff be denied a Certificate of Appealability. Plaintiff initially filed a Motion for Certificate of Appealability on June 27, 2013, but then voluntarily withdrew it on July 5, 2013. United States District Judge James L. Graham adopted the Report and Recommendation, and dismissed the action on September 5, 2013.

During the litigation, Plaintiff was transferred from the Ross Correctional Institution to the Mansfield Correctional Institution where he was placed in the segregation unit for an unspecified period of time. He contends he was in segregation in July 2013 when he anticipated the impending denial of his habeas petition, and began to prepare his appeal. He sent two kites to the MANCI Librarian Mr. Babajide requesting copies of cases for his appellate brief. He claims the Librarian did not respond to his kites.

Plaintiff then sent an Informal Complaint Resolution to Mr. Babajide on August 20, 2013 requesting copies of three cases from Pennsylvania state courts, one United States Supreme Court case, and Ohio Revised Code § 3727.09.[1] The Librarian responded that he had been out of the office with an illness, but would instruct the legal clerk to provide him with copies of the cases. Plaintiff sent an Informal Complaint Resolution to Deputy Warden Wainwright on September 16, 2013 asking for an Application to file an Appeal to the Sixth Circuit Court of Appeals, copies of three cases from Pennsylvania state courts, a copy of Ohio Revised Code § 3727.09, and copies of two cases for which he provided only the volume, the name of the reporter and a page number. The Warden replied that Mr. Babajide had unexpectedly become ill, and Mr. Bacon was devising a plan for coverage of library services.

---

[1] Plaintiff attached copies of these grievances to his Notice of Appeal of his habeas corpus petition. *See Conley v. Warden*, No. 2:11 CV 1142 (S.D. Ohio filed Dec. 22, 2011)(ECF No. 32 at 1145-1149).

Plaintiff sent an Informal Complaint Resolution to the Assistant Principal, Mr. Bacon on October 8, 2013 stating he still had not received the case law and statute he requested. Mr. Bacon responded on October 11, 2013 that he forwarded Plaintiff's request to the library and intended to follow up with the clerks in a few days to ensure that the cases were provided to the Plaintiff.

Plaintiff filed a formal Notification of Grievance on October 15, 2013. In the Grievance, he indicated he had been trying to get information from the library for forty days and requested that the librarian be fired from his job. The Institutional Inspector replied to the Grievance on November 21, 2013, indicating that Mr. Babajide was on extended leave due to an unexpected illness and this created issues with communication and resulted in inadvertent delays. The Inspector stated that all of the requested materials had been delivered to Plaintiff, but noted that the law clerks found it difficult to locate some of the materials from the Pennsylvania state courts.

On December 2, 2012, Plaintiff filed his Notice of Appeal of the District Judge's Order denying his habeas petition. He also filed a Motion for Leave of Court to Proceed with a Delayed Appeal on December 16, 2013. Magistrate Judge Michael R. Merz issued a Report and Recommendation indicating the Motion should be denied as the Court lacked authority to extend the time to appeal, and because the Court already determined on the merits of the Petition that a Certificate of Appealability should not issue and the appeal would not be in good faith. District Judge James L. Graham adopted the Report and Recommendation on February 4, 2014. The Sixth Circuit dismissed the appeal on March 13, 2014.

Plaintiff has now filed this civil rights action against Librarian Babajide, Deputy Warden Mrs. Waynewright, Assistant Principal Mr. Bacon, and Principal Mrs. Phillians claiming they denied him access to the courts. He states he was in the segregation unit and did not have physical access

to the law library. He indicates he is serving a life sentence and the Defendants' errors prevented him from pursuing an appeal of his habeas petition.

## Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when a Defendant is immune from suit or when a Plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

When determining whether the Plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough fact to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. Although a Complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id*. The Court is "not bound to accept as true a legal conclusion couched as

a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009), further explains the "plausibility" requirement, stating that " a claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a Defendant acted unlawfully." *Id*. This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

## Analysis

The legal principles that govern this dispute are reasonably well settled. Prisoners have a First Amendment right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996). In assessing whether a state has violated that right, this Court must ask whether the Plaintiff has demonstrated an "actual injury," *see Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005), and, if so, whether he has alleged that more than mere negligence by the state actor caused the injury, *see Gibbs v. Hopkins*, 10 F.3d 373, 379 (6th Cir. 1993) ("These actions, if proven, and if intentional, support the claim that prison officials are attempting to deny prisoners effective access to the courts.").

To establish "actual injury," Plaintiff must allege that particular actions of the Defendants prevented him from pursuing or caused the rejection of a specific, non-frivolous direct appeal, habeas corpus petition, or civil rights action. *Lewis*, 518 U.S. at 351. The right of access to the courts is directly related to an underlying claim, without which a Plaintiff cannot have suffered injury by being shut out of court. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). Plaintiff must

5

therefore plead and prove actual prejudice to pending or contemplated litigation stemming from the asserted actions of the Defendants. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

In addition, Plaintiff must allege that the deprivation of his rights was intentional or the result of gross negligence. *See Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 328 (1986) (finding constitutional rights are not implicated by a negligent act of an official). Mere negligence is not actionable under § 1983. *Chesney v. Hill*, 813 F.2d 754, 755 (6th Cir. 1987). Furthermore, negligence does not become gross negligence simply by saying it is so. To establish gross negligence, Plaintiff must demonstrate that the Defendants engaged in outrageous conduct or arbitrary use of governmental power. *Jones v. Sherrill*, 827 F.2d 1102, 1106 (6th Cir. 1987); *see Wojnicz v. Davis*, No. 03-1017, 2003 WL 21774162, at *2 (6th Cir. July 29, 2003)("In order to establish an access to the courts violation under § 1983, a prisoner must prove that the violation was intentional, not merely negligent."). Conclusory allegations, unsupported by any material factual allegations, are not sufficient to state a claim under § 1983. *Kensu v. Haigh*, 87 F.3d 172, 175-76 (6th Cir. 1996); *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir.1987).

In this case, Plaintiff fails to establish both elements of his access to courts claim. First, he has not alleged facts to suggest the Defendants prevented him from pursuing or caused the rejection of a specific non-frivolous appeal. The District Court denied Plaintiff a Certificate of Appealability when it reviewed the merits of his Petition for a Writ of Habeas Corpus. Plaintiff filed a Motion requesting a Certificate of Appealability but voluntarily withdrew it. He requested leave to file a delayed appeal, and in denying his motion, the District Court reiterated its denial of a Certificate of Appealability. Unless the District Court issues a Certificate of Appealability, "an appeal may not be taken to the court of appeals from ... the final order in a habeas corpus proceeding in which the

6

detention complained of arises out of process issued by a state court." 28 U.S.C. § 2253 (c)(1)(A). Even if it was timely filed, Plaintiff's appeal of the denial of his state habeas petition would have been dismissed because Plaintiff was denied a Certificate of Appealability.

Furthermore, even if Plaintiff was prevented from pursuing a non-frivolous appeal, he fails to allege facts to suggest the Defendants acted intentionally or with gross negligence to deny him access to the courts. The Librarian Mr. Babajide was ill and on an extended leave of absence. He nevertheless responded to Plaintiff's Informal Complaint Resolution, explained the situation and informed him that the legal clerk would assist him. The Deputy Warden, Principal and Assistant Principal answered Informal Complaints and Grievances, and referred his requests to the library clerks who they believed could assist him. Responding to a grievance or otherwise participating in the grievance procedure is insufficient to trigger liability under 42 U.S.C. § 1983. *Shehee v. Luttrell*, 199 F.3d. 295, 300 (6th Cir. 1999). The allegations in the Complaint, at best, suggest the Defendants were negligent in not following up on Plaintiff's requests to ensure that the legal clerks gave him the information he sought. There are no allegations suggesting the Defendants acted intentionally, outrageously, or arbitrarily used their governmental power to deprive him of access to the courts.

**Conclusion**

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

IT IS SO ORDERED.

/s/ *Solomon Oliver, Jr.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

February 27, 2015